**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Michael B. Dvoren, Esq. (AZ Bar #027386)
Email: Michael@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 866-961-4984
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pilot Institute LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Checkride Prep LLC, a California limited liability company, Global Aviation Institute LLC, a Nevada limited liability company, Prep Group LLC, a Wyoming liability company, and David Tushin, an individual,<br><br>Defendants. | Case No. 3:21-cv-08166-GMS<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO THE COURT'S APRIL 29, 2022 ORDER (DOC. 44)** |

Pursuant to the Court's April 29, 2022 Order (Doc. 44) (the "April 29 Order"), Plaintiff Pilot Institute LLC ("Plaintiff") respectfully moves the Court to impose on Defendants, the specific sanctions Plaintiff proposes herein, and for other and further relief as the Court deems just and proper. The Court's Order and Order to Show Cause issued April 12, 2022 (Doc. 43) (the "April 12 Order") was clear and reasonable, and it is indisputable that Defendants failed to obey it. Defendants' May 05, 2022 court filings (Doc. 45-48) do not adequately show cause as to why their failure to obey the April 12 Order should be excused or consequence free.

1

## I. BACKGROUND.

Plaintiff commenced this false advertising action on July 27, 2021 and filed its operative First Amended Complaint on August 06, 2021 (Doc. 11). Defendants filed their Answer to Plaintiff's First Amended Complaint on September 02, 2021 (Doc. 19). The Court issued its Case Management Order on January 07, 2022 (Doc 38), therein setting forth all case deadlines, including a fact discovery deadline of May 27, 2022. *See id.*

In December of 2021, the parties propounded written discovery on one another and served discovery responses in January and early February of 2022. *See* **Exhibit A**, Declaration of Michael B. Dvoren in Support of Plaintiff's Motion for Sanctions Pursuant to the Court's April 29, 2022 Order ("Dvoren Decl.") ¶¶ 3-5. On March 04, 2022, Plaintiff's counsel, Michael Dvoren, sent Defendants' counsel, Robert S. Pearson, a letter formally requesting that Defendants supplement their deficient responses to Plaintiff's first sets of interrogatories and requests for production. Dvoren Decl. ¶ 6. Mr. Dvoren and Mr. Pearson then scheduled a meet and confer call to discuss the issues raised in the March 04, 2022 letter, along with two other key topics, namely, (i) filing a joint motion with the Court to extend the May 27, 2022 fact discovery deadline to give Defendants additional time to comply (among other reasons) and (ii) negotiating a protective order to be entered by the Court. *Id*. ¶¶ 7-8. However, before these topics could be substantively discussed, Mr. Pearson advised Mr. Dvoren on March 15, 2022, that he and his firm were going to move to withdraw as Defendants' counsel. *Id*. ¶ 9. This news brought those scheduled discussions to a halt and left fact discovery in a state of limbo. *Id*. ¶ 10.

On March 21, 2022, Mr. Pearson filed a Motion to Withdraw as Defendants' Counsel (Without Client Consent) (Doc. 42). From that point on, Defendants were effectively unrepresented, and Mr. Dvoren did not think it appropriate to contact unrepresented Defendants directly or discuss with them any of the topics previously scheduled for discussion with Mr. Pearson. Dvoren Decl. ¶ 12. Rather, Mr. Dvoren believed the appropriate action was to wait until Defendants hired replacement counsel with whom Mr. Dvoren could re-raise these important and unresolved discovery issues. *Id*. ¶ 13.

On April 12, 2022, the Court issued the April 12 Order, therein granting the Motion to Withdraw and ordering Defendants Checkride Prep LLC, Prep Group LLC and Global Aviation Institute LLC (collectively, the "LLC Defendants") to retain an appropriately licensed and admitted lawyer to file a Notice of Appearance on or before April 26, 2022. *See id.* at 3. The Court further ordered that by or before that same date, Defendant David Tushin must either retain a lawyer who must file a Notice of Appearance, or file a Notice to the Court that Mr. Tushin intends to proceed pro per. *Id*. The Court additionally ordered that if Defendants failed to comply with these orders, "Defendants are ordered to show cause by Tuesday, April 26, 2022 why sanctions should not be imposed against them for failing to comply with the Court's orders." *Id*.

The April 26, 2022 deadline passed with no compliance by Defendants. As a result, the Court issued the April 29 Order, therein authorizing "Plaintiff to file a motion for sanctions pursuant to Defendants' failures to comply with the Court's Order and

Order to Show Cause (Doc. 43)." *Id.* at 2.

On May 05, 2022,[1] Defendant David Tushin filed a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 45), a Notice of Representation in Pro Per (Doc. 46), and David Tushin's Declaration in Response to Courts [sic] Order on April 26, 2022 and April 28, 2022 (Doc. 47), none of which appeared in the Court's CM/ECF system until Monday, May 09, 2022. That same day,[2] Defendants filed Rudy Breighton's Declaration in Response to Courts [sic] Order (Doc.48), which also did not appear in the Court's CM/ECF system until Monday, May 09, 2022.

## II. DEFENDANTS' DECLARATIONS DO NOT ADEQUATELY EXPLAIN OR EXCUSE THEIR FAILURE TO COMPLY WITH THE APRIL 12 ORDER.

Mr. Tushin's and Mr. Breighton's nearly identical, "copy and paste" Declarations are highly questionable to say the least. First, they fail to directly acknowledge or address the Court's April 12 Order. Instead, both Declarations refer to a non-existent "order dated April 26th and April 28th, 2022." Second, even if the Court interprets this to actually refer to the April 12 Order, it is doubtful that Mr. Pearson's firm "had only mailed a copy of the court's order" and that Mr. Tushin and Mr. Breighton each didn't receive a copy of the April 12 Order at their separate addresses, in different states, until "Friday of last

---

[1] Although Mr. Tushin filed these documents on Thursday, May 05, 2022, Plaintiff's counsel did not receive them until Monday, May 09, 2022 through the Court's CM/ECF system (via email). Defendants did not provide Plaintiff's counsel or Plaintiff will a copy of these filings.

[2] Defendants also did not provide Plaintiff's counsel or Plaintiff will a copy of Rudy Breighton's Declaration.

4

week" (*i.e.,* presumably Friday, April 29, 2022, based on the May 02, 2022 execution date of each Declaration). Mr. Pearson's firm knew of and listed current email addresses for both Mr. Tushin (individually) and Mr. Breighton (on behalf of the LLC Defendants) in the Motion to Withdraw.[3]

On Monday, May 09, 2022, Mr. Dvoren emailed Mr. Pearson and asked him how and when Mr. Pearson's firm provided Defendants with copies of the Court's April 12 Order. Dvoren Decl. ¶ 14. Mr. Pearson responded by calling Mr. Dvoren that same day and stating that he could not substantively respond to these questions until he spoke with ethics counsel regarding his ability to disclose this information, as it touched upon attorney-client communications and other ethics rules. *Id.* ¶ 15. However, Mr. Pearson also stated that if the Court ordered him to disclose how and when Mr. Pearson's firm provided Defendants with copies of the Court's April 12 Order, he would do so. *Id.* ¶ 16.

Separately, Mr. Breighton's Declaration was ostensibly submitted on behalf of Defendant Global Aviation Institute LLC only. *See* Doc. 48 at 1. Even assuming, *arguendo*, that Mr. Breighon can make the representations in his Declaration on this corporate Defendant's behalf without being a lawyer representing the LLC, nothing was filed on behalf of Defendants Checkride Prep LLC or Prep Group LLC. As such, the Court should deem this as further non-compliance by Defendants Checkride Prep LLC or Prep Group LLC.

In short, Mr. Tushin's and Mr. Breighton's respective declarations do not satisfy

---

[3] The Court also has Mr. Tushin's and Mr. Breighton's current email addresses. *See* April 12 Order.

5

the "show cause" requirement the Court imposed on Defendants in the April 12 Order (in the event they did not retain an appropriately licensed and admitted lawyer to file a Notice of Appearance on or before April 26, 2022).

### III. THE COURT SHOULD STRIKE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 19).

#### A. Legal Standard.

As the Court correctly stated in its April 12 Order, only licensed attorneys may represent a business entity in federal court. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201–02 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir.2004); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir.1994); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.1993).

The Court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Moreover, "District courts have inherent power to control their dockets. In the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

Courts within the Ninth Circuit, including the Arizona District Court, have stricken the answers of corporate defendants who failed to retain substitute counsel to file a notice of appearance and defend them. *See, e.g., Olympic Food Prod., Inc. v. P&J Brands, Inc.*, No. CV06-902-PHX-JAT, 2007 WL 1655557, at *1 (D. Ariz. June 6, 2007)

6

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

(granting plaintiff's motion to strike corporate defendant's answer and counterclaim after Defendant failed to retain substitute counsel to file a notice of appearance despite court order); *Best W. Int'l, Inc. v. Fish Creek Holdings, LLC*, No. CV10-0740 PHX DGC, 2010 WL 2790118, at *1 (D. Ariz. July 14, 2010) (granting plaintiff's motion to strike answer by unrepresented corporate defendant); *Giumarra Bros. Fruit Co. Inc. v. United Distributors*, No. CV11-05438 SJO RZX, 2015 WL 13916290, at *3 (C.D. Cal. May 1, 2015) ("Courts may strike a defendant corporation's answer where the corporation fails to retain counsel"). *See also Microsoft Corp. v. Marturano*, No. CV 06-1747 OWW GSA, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009) (striking *individual* defendant's answer after he persistently failed to participate in the action).

Courts within the Ninth Circuit have also gone further by allowing default judgment to be entered where a corporate defendants' failure to obtain counsel persisted. *See, e.g.*, *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215, 1217 (S.D. Cal. 2008) (addressing plaintiff's motion for entry of default judgment and noting that court had previously granted plaintiff's motion to strike corporate defendant's answer for failure to retain counsel to appear in federal court); *Rojas v. Hawgs Seafood Bar, Inc.*, No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it.") (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007) (holding that failure to retain counsel on behalf of corporation supported entry of default judgment). *See also Oracle America, Inc. v. Serv. Key, LLC*,

No. C12–790SBA, 2013 WL 1195620, at *2–3 (N.D. Cal. Mar. 22, 2013) (ordering that if corporate defendant did not retain substitute counsel to file a notice of appearance by the court's deadline, "the Court will strike [defendant's] answer and direct the Clerk to enter default against [defendant] forthwith").

### B. Striking Defendants' Answer is Appropriate Under the Circumstances.

Because corporate defendants cannot appear in federal court unrepresented by legal counsel, and separately because striking a defendant's answer has been employed as a reasonable and just sanction by Courts within the Ninth Circuit, including this District Court, under the same or similar circumstances as here, Defendants' Answer to Plaintiff's First Amended Complaint (Doc. 19) should be stricken by the Court as a sanction for Defendants' non-compliance with the April 12 Order.

To date, the LLC Defendants are still not represented by counsel despite knowing since March that Mr. Pearson and his firm were withdrawing and needed to be replaced. Since the April 12 Order issued, they've had nearly 30 additional days to find and hire replacement counsel, yet they've failed to do so. Meanwhile, Mr. Tushin had the additional option of representing himself the entire time. All he had to do was "file a Notice to the Court that he intend[ed] to proceed pro per" as the April 12 Order instructed. He failed to do so until May 05, 2022 (Doc. 46).

Due to the LLC Defendants' failure to retain replacement counsel between mid-March and the date of this motion, and Mr. Tushin's failure to inform the Court until May 05, 2022 that he was electing to represent himself (which Plaintiff did not learn until May

09, 2022), fact discovery has remained in a state of limbo since March, while Mr. Dvoren has waited for Defendants to hire counsel with whom he could substantively discuss and try to resolve the discovery issued noted in Section I above. Defendants' only explanation for their failure to comply with the April 12 Order are their questionable assertions that: (i) Mr. Pearson's firm only mailed them a copy of (what the Court may choose to interpret as) the April 12 Order and (ii) they each somehow didn't receive the April 12 Order at any of their multiple separate addresses, in different states, until they all received it on the same day of Friday, April 29, 2022. These explanations are inadequate and do not excuse Defendants' failure to comply with the April 12 Order. Moreover, the LLC Defendants have, to date, still not complied.

**C. The Court Should Additionally Direct the Clerk to Enter Default Against the LLC Defendants If They Do Not Retain Counsel to File a Notice of Appearance by Monday, May 16, 2022.**

The LLC Defendants have known since March that Mr. Pearson's firm was withdrawing and must be replaced, yet they've failed to do so and have still not complied with the April 12 Order. Directing the Clerk of the Court to enter a default after a corporate defendant has persistently failed to hire counsel, has been employed as a reasonable and just sanction by Courts within the Ninth Circuit under the same or similar circumstances as here. *See, e.g., Myers v. LHR, Inc.*, 543 F.Supp.2d 1215, 1217 (S.D. Cal. 2008); *Rojas v. Hawgs Seafood Bar, Inc.*, No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009). The LLC Defendants cannot continue in this case without counsel, and they should experience appropriate consequences if their

failure to comply persists much longer.

## IV. IMPOSING PLAINTIFF'S ADDITIONALLY PROPOSED SANCTIONS IS ALSO APPROPRIATE.

In its April 29 Order, the Court authorized Plaintiff "to file a motion for sanctions pursuant to Defendants' failures to comply with the Court's Order and Order to Show Cause (Doc. 43)." The Court has both inherent and rule-based authority to impose a variety of sanctions on the civil litigants before it, either upon a party's motion or on its own initiative. *See, e.g.*, Fed. R. Civ. P. 11(c); Fed. R. Civ. P. 37(b); LRCiv 83(f)(1)(A).

Courts within the Ninth Circuit have routinely awarded attorneys' fees associated with prosecuting a successful motion for sanctions. *See, e.g., In re Girardi,* 611 F.3d 1027, 1067 n.53 (9th Cir.2010) (Special Master, Ninth Circuit Judge Atsushi Wallace, believing "better view" to be recovery of attorneys' fees incurred in sanctions proceedings); *Montoya v. Orange Cnty. Sheriff's Dep't*, No. SACV 11-1922 JGB, 2013 WL 6705992, at *15 (C.D. Cal. Dec. 18, 2013) ("The Court finds that Plaintiff is entitled to an award of attorneys' fees in the amount of $8,000 which Plaintiff incurred in the preparation and filing of this Motion [for Sanctions]."); *Garcia v. Bana*, No. C 11-02047 LB, 2012 WL 2119157, at *9 (N.D. Cal. June 9, 2012) (sanctions award included "reasonable amount of time for the preparation of this particular motion for sanctions"); *Parker v. Upsher-Smith Lab'ys, Inc*., No. 3:06-CV-0518-ECRVPC, 2009 WL 418596, at *9 (D. Nev. Feb. 18, 2009) ("Pursuant to the court's inherent power, 28 U.S.C. § 1927, and LR IA 4–1, plaintiff's counsel shall pay all defendant[s] all attorney's fees and costs incurred in connection with the motion for sanctions...."). *See also Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 45 (1991) (explaining the federal court's inherent power to impose sanctions in the form of attorney's fees).

Given that fact discovery has remained in a state of limbo since March due to Defendants' inaction and failure to comply with the April 12 Order, and the short time left until the current May 27, 2022 fact discovery deadline, Plaintiff respectfully requests that as part of its order, the Court stay all further deadlines in the Case Management Order (Doc 38) until the LLC Defendants comply with the April 12 Order. Plaintiff further requests that the Court allow Plaintiff to file a motion to reset all remaining deadlines, if and once the LLC Defendants comply with the April 12 Order.

Finally, for at least the reasons set forth herein, Plaintiff also respectfully requests that if this motion is granted, the Court additionally order Defendants to pay Plaintiff's reasonable attorney's fees incurred in drafting and filing this motion, in an amount totaling $4,323.00. Dvoren Decl. ¶¶ 17-22 Awarding attorneys' fees to a party that prosecutes a successful motion for sanctions is reasonable and justified under the circumstances. If the Court disagrees with Plaintiff's requested amount, Plaintiff respectfully requests that the Court order Defendants to pay Plaintiff a different amount to be determined by the Court as a just and proper sanction for Defendants' failure to obey the April 12 Order and for Plaintiff brining this Motion.

## V. **CONCLUSION.**

For at least the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and impose the following sanctions on Defendants:

11

(1) Striking Defendants' Answer to Plaintiff's First Amended Complaint (Doc. 19) in full;

(2) Ordering that if the LLC Defendants do not comply with the April 12 Order by retaining a lawyer, appropriately licensed to practice law in Arizona and admitted to practice in this District Court, to file a notice of appearance by or before **Monday, May 16, 2022**, the Clerk of the Court shall enter default against each of them on **Tuesday, May 17, 2022**, without further Order of the Court;

(3) Staying all remaining deadlines in the Case Management Order (Doc 38) until the LLC Defendants comply with the April 12 Order;

(4) Authorizing Plaintiff to file a motion to reset all remaining deadlines (therein proposing new deadlines for each event), if and once the LLC Defendants comply with the April 12 Order; and

(5) Ordering Defendants to pay Plaintiff's reasonable attorney's fees incurred in drafting and filing this motion, in an amount totaling $4,323.00, or a different amount to be determined by the Court as a just and proper sanction for Defendants' failure to obey the April 12 Order and for Plaintiff brining the Motion.

A proposed form of Order is submitted herewith.

RESPECTFULLY SUBMITTED this 11th day of May, 2022.

**RM Warner, PLC**

/s/*Michael B. Dvoren*
Michael B. Dvoren, Esq.
8283 N. Hayden Road Suite 229
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

# CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, I electronically transmitted the foregoing document, along with all attachments, to the Clerk's Office using the CM/ECF System for filing, and served a true and correct copy of the foregoing document, along with all attachments, by email and first-class mail, on all parties of record listed below:

**Defendant Checkride Prep LLC**
Email: rudybreighton@checkrideprep.com
Email: david@checkrideprep.com
c/o Registered Corporate Agents Inc., Statutory Agent
5627 Kanan Rd. #158
Agoura Hills, CA 91301

**Defendant Global Aviation Institute LLC**
Email: rudybreighton@checkrideprep.com
Email: david@checkrideprep.com
c/o Registered Agents Inc., Statutory Agent
401 Ryland St., STE 200-A
Reno, NV 89502

**Defendant Prep Group LLC**
Email: rudybreighton@checkrideprep.com
Email: david@checkrideprep.com
c/o Registered Agents Inc., Statutory Agent
30 N Gould St., Ste R
Sheridan, WY 82801

**Defendant David Tushin**
Email: david@checkrideprep.com
9450 SW Gemini Dr
PMB 22472
Beaverton, OR 97008

/s/ Michael B. Dvoren